Marian F. Harrison
US Bankruptcy Judge
Dated: 07/21/09



# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO.  308-07812-MH3-7 |
| CUMBERLAND MOLDED | ) |
| PRODUCTS, LLC, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtor. | ) |
| | ) |
| SUSAN R. LIMOR, TRUSTEE, | ) ADV. NO. 309-0003A |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FIRST NATIONAL BANK OF | ) |
| WOODBURY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter is before the Court upon the parties' cross-motions for summary judgment.  The issue presented here is whether, by honoring a check to the Trustee drawn on a debtor's account, the depository bank loses its security interest in those funds even if the funds received by the Trustee can be traced to the debtor's accounts receivable in which

the bank holds a security interest. This issue is framed by two statutes, T.C.A. § 47-9-314 and § 47-9-315, which in this case appear to produce conflicting results. For the following reasons the Court finds that T.C.A. § 47-9-314 controls here. The Trustee's motion for summary judgment should be granted giving her the check proceeds free and clear of the security interest claimed by the bank.[1]

## I. BACKGROUND

The debtor was engaged in the business of manufacturing molded plastic products. On October 18, 2007, the debtor executed a promissory note in the principal sum of $1,000,000 payable to the defendant. That same date, the debtor executed a commercial security agreement to secure repayment of the note to the defendant. The collateral, described in the commercial security agreement, in which the defendant received a security interest was all of the debtor's equipment, machinery, inventory, tools, accounts receivable, and all general intangibles, whether now owned or hereafter acquired, as well as all accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment, or other disposition of any of the collateral. Financing statements totaling a maximum principal indebtedness of $1,000,000 were filed with the Tennessee Secretary of State.

---

[1] The defendant has also filed a motion for relief from the automatic stay, however, the Court finds that it is moot in light of the Court's ruling on the motions for summary judgment.

2 - U.S. Bankruptcy Court, M.D. Tenn.

All funds collected by the debtor from its customers in payment of accounts receivable were deposited by the debtor into a checking account with the defendant. The checking account was a demand deposit transaction account with next day funds availability.

On August 29, 2008, the debtor filed its voluntary Chapter 7 petition. As of September 3, 2008, the account balance was $454,655.65. On September 3, 2008, the debtor drew a check in the amount of $454,655.65 payable to the Chapter 7 Trustee. The Chapter 7 Trustee deposited the check which was posted to the account on September 12, 2008. On October 8, 2008, the Chapter 7 Trustee requested that the defendant close the checking account and turn any remaining funds over to her. On October 17, 2008, the defendant delivered a cashier's check in the amount of $1812.85 to the Chapter 7 Trustee. The check was posted on October 20, 2008, and the debtor's checking account was closed by the defendant.

By September 5, 2008, the defendant knew that the debtor had filed for bankruptcy, however, it did not exercise its right to freeze the checking account for purposes of setoff. Instead, the defendant took its first step to protect its interest by filing a motion for relief on November 14, 2008, after all funds in the checking account had been withdrawn and the account had been closed.

## II. STANDARD OF REVIEW

3 - U.S. Bankruptcy Court, M.D. Tenn.

Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  In the present case, the parties agree that there are no disputed material facts for purposes of summary judgment.

### III.  ARGUMENTS

The Chapter 7 Trustee asserts that pursuant to T.C.A. § 47-9-314, the defendant lost its security interest in the checking account when it failed to exercise its authority over the account once it knew about the debtor's bankruptcy filing.

The defendant asserts that the issue of whether it holds a valid security interest in the deposit account is irrelevant because the funds in that account are the identifiable cash proceeds from the sale of collateral in which the defendant holds a properly perfected security interest.  *See* T.C.A. § 47-9-315(c).

### IV.  DISCUSSION

Tennessee's version of the Uniform Commercial Code is controlling in this case. Pursuant to T.C.A. § 47-9-102(a)(29), the debtor's checking account with the defendant was a "deposit account," which is defined as "a demand, time, savings, passbook, or similar

account maintained with a bank." Furthermore, except as otherwise provided in T.C.A. § 47-9-315(c) and (d), a security interest in a deposit account can be perfected only by control under T.C.A. § 47-9-314. *See* T.C.A. § 47-9-312(b)(1).

In the present case, the defendant was the secured party as well as the bank where the deposit account was maintained, giving the defendant control of the account. Because the defendant had control of the account, it had the right and ability to freeze the account at any time in order to exercise its right of setoff against the debt owed by the debtor. The defendant's right to setoff was unaffected by the bankruptcy filing. 11 U.S.C. § 553(a). Thus, without violating the automatic stay, the defendant could have frozen the account post-petition and then sought relief from the stay in order to exercise its right to setoff. ***Citizens Bank of Maryland v. Strumpf,*** 516 U.S. 16, 20 (1995). Instead, the defendant chose to honor the check written by the debtor to the Chapter 7 Trustee and to give the remaining funds to the Chapter 7 Trustee upon request.

Now, having voluntarily given up control of the funds in the account, the defendant tries to argue that its interest in the proceeds continues to be perfected because such are identifiable and traceable as accounts receivable. T.C.A. § 47-9-315(d)(2) provides that "[a] perfected security interest in proceeds becomes unperfected on the 21st day after the security interest attaches to the proceeds unless . . . the proceeds are identifiable cash proceeds." The Court finds that Comment 7 to T.C.A. § 47-9-315 is enlightening on the limitations of the

defendant's argument. Comment 7 states that "[i]n many cases, however, a purchaser or other transferee of the cash proceeds will take free of the perfected security interest." As an example of such a situation, Comment 7 lists "9-332 (transferee of money or funds from a deposit account)." T.C.A. § 49-9-332(b) provides that "[a] transferee of funds from a deposit account takes the funds free of a security interest in the deposit account unless the transferee acts in collusion with the debtor in violating the rights of the secured party." Thus, only transferees who act in collusion with the debtor are excepted from the broad protections of T.C.A. § 49-9-332(b). *See Orix Fin. Serv., Inc. v. Kovacs,* 83 Cal. Rptr. 3d 900, 904 (Cal. Ct. App. 2008). No such collusion is alleged here, and therefore, the Chapter 7 Trustee is entitled to the broad protections of a transferee of funds from a deposit account.

## V. CONCLUSION

Accordingly, the Court finds that the Chapter 7 Trustee's motion for summary judgment should be granted. Specifically, the Court finds that the funds held by the Chapter 7 Trustee are property of the estate, free and clear of the defendant's unperfected security interest. It follows that the defendant's motion for summary judgment should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

6 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.